# Office of Disciplinary Counsel v. Frank

512

Disciplinary Docket no. 232 DB 2010.

BAER, *Member*, March 2, 2011—The three-member Panel of the Disciplinary Board of the Supreme Court of Pennsylvania, consisting of board members Mark S. Baer, Sal Cognetti, Jr., and Charlotte S. Jefferies, has reviewed the joint petition in support of discipline on consent filed in the above-captioned matter on November 17, 2010.

The panel approves the joint petition consenting to a one year and one day suspension and recommends to the Supreme Court of Pennsylvania that the attached petition be granted.

The panel further recommends that any necessary expenses incurred in the investigation and prosecution of this matter shall be paid by the respondent-attorney as a condition to the grant of the petition.

### JOINT PETITION IN SUPPORT OF DISCIPLINE ON CONSENT PURSUANT TO Pa.R.D.E. 215(d)

Petitioner, the Office of Disciplinary Counsel (hereinafter, "ODC") by Paul J. Killion, Chief Disciplinary Counsel, and

Harold E. Ciampoli, Jr., Disciplinary Counsel and James C. Schwartzman, Esquire, counsel for respondent, and respondent , Gary Alan Frank (hereinafter "respondent"), respectfully petition the Disciplinary Board in support of discipline on consent, pursuant to Pennsylvania Rule of Disciplinary Enforcement ("Pa.R.D.E.") 215(d), and in support thereof state:

1. Office of Disciplinary Counsel, whose principal office is situated at Disciplinary Board Office of Chief Counsel, Pennsylvania Judicial Center, Suite 2700, 601 Commonwealth Avenue, Harrisburg, PA 17106, is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid enforcement rules.

2. Respondent Gary Alan Frank was admitted to practice law in the Commonwealth on November 28, 1995. respondent was transferred to inactive status by order of the Supreme Court of Pennsylvania dated December 1, 2002. He is presently on administrative suspension. His last registered address is Suite 213, One Bala Plaza, Bala Cynwyd, Pennsylvania 19004.

3. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

SPECIFIC FACTUAL ALLEGATIONS ADMITTED

4. Respondent's affidavit stating, inter alia, his consent to the recommended discipline is attached hereto

as Exhibit A.

5. In August 1999, F. Harry Speiss, Esquire, filed a divorce complaint on behalf of his client, Walter Kemmerer, against Dolores Smith Kemmerer, to Case No. 99-11132, in the court of Common Pleas of Delaware County.

6. In September 1999, Ms. Kemmerer retained the services of Jay D. Barsky, Esquire.

7. Mr. Barsky requested respondent to assist him in representing Ms. Kemmerer in regard to the equitable distribution portion of the case.

8. Respondent was not then, nor has he since been, in the active practice of law. This was the one and only case he was involved with.

9. Mr. Barsky continued to represent Ms. Kemmerer for several years, went on voluntary inactive status in July 2004, and died in November 2008.

10. Between 2000 and 2002, respondent took steps to represent Ms. Kemmerer in her domestic case by, inter alia:

a. Working with Mr. Barsky;

b. Communicating with Mr. Spiess; and

c. Communicating with Ms. Kemmerer.

11. By order effective December 1, 2002, the Supreme Court of Pennsylvania transferred respondent to inactive status pursuant to Rule 219, Pa.R.D.E., because respondent failed to file an annual PA Attorney Fee Form and failed to pay his annual license fee.

12. Respondent failed to comply with the notification and filing requirements of Rule 217 (a), (b), (c), (e), (h), and (i), Pa.R.D.E.

13. Respondent did not notify Ms. Kemmerer of his transfer to inactive status and his inability to represent her.

14. Respondent did not notify Mr. Spiess or the Court of Common Pleas of Delaware County of his transfer to inactive status and his inability to continue to represent Ms. Kemmerer.

15. Notwithstanding his transfer to inactive status effective December 1, 2002, between 2003 and 2006 respondent continued to represent Ms. Kemmerer as evidenced by, inter alia:

a. In 2004, respondent communicated with Mr. Spiess and the court concerning the equitable distribution of assets in the case and obtained several continuances of the equitable distribution hearing.

b. In 2005, respondent participated in the equitable distribution proceedings by filing a trial memorandum and appearing at a January 5, 2005 hearing.

c. By letter dated August 23, 2005, respondent communicated with Ms. Kemmerer concerning the resolution of her divorce proceedings.

d. Respondent received from the court a December 21, 2005 equitable distribution order.

e. In 2006, respondent filed a motion for

reconsideration and clarification of the court's December 21, 2005 order.

f. Respondent received a copy of Mr. Spiess's appeal to Superior Court and his name was entered as counsel of record for Ms. Kemmerer on the Superior Court docket.

g. In May, June, September, and November 2006, respondent exchanged e-mails with Ms. Kemmerer concerning the status of her case.

h. In a November 13, 2006 e-mail to Ms. Kemmerer, respondent stated that he would inform everyone that he was no longer involved in her case.

i. Respondent failed to inform Mr. Spiess and the court that he was not going to continue to represent Ms. Kemmerer.

16. Respondent's letters to opposing counsel, the court, and Ms. Kemmerer contained the letterhead "Law Office Gary Alan Frank" and referred to him as a licensed member of the Pennsylvania Bar.

17. Respondent's pleadings filed with the court listed his attorney registration number and identified respondent as "Esquire" and as "attorney for defendant."

18. Respondent never received any fee for the work he performed.

19. Respondent's motives were to help a disabled lawyer and a client who requested his help.

SPECIFIC RULES OF PROFESSIONAL CONDUCT

AND DISCIPLINARY ENFORCEMENT VIOLATED

Respondent violated the following Pennsylvania Rules of Professional Conduct:

a. RPC 1.16(a)(1), which states that except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct or other law;

b. RPC 5.5(a), which states that a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so;

c. former RPC 5.5 (b) [effective 4-1-88], which states that a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction;

d. RPC 7.1, which states that a lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;

e. RPC 7.5(a), which states that a lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1;

f. RPC 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

g. RPC 8.4(d), prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice.

Respondent violated the following Pennsylvania Rules of Disciplinary Enforcement:

a. Pa.R.D.E. Rule 217(b), which states that a formerly admitted attorney shall promptly notify, or cause to be notified, by registered or certified mail, return receipt requested, all clients who are involved in pending litigation or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceeding, of the...transfer to inactive status and consequent inability of the formerly admitted attorney to act as an attorney after the effective date of the...transfer to inactive status. The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in place of the formerly admitted attorney. In the event the client does not obtain substitute counsel before the effective date of the disbarment, suspension, administrative suspension or transfer to status, it shall be the responsibility of the formerly admitted attorney to move in the court or agency in which the proceeding is pending for leave to withdraw. The notice to be given to the attorney or attorneys for an adverse party shall state the place of residence of the client of the formerly admitted attorney;

b. Pa.R.D.E. 217(c)(2), which states that a formerly admitted attorney shall promptly notify, or cause to be notified, of the...transfer to inactive status, by registered or certified mail, return receipt requested all other persons with whom the formerly admitted attorney may at any time expect to have professional contacts under circumstances where there is a reasonable probability that they may infer that he or she continues as an attorney in good standing;

c. Pa.R.D.E. Rule 217(e), which states that within ten days after the effective date of the...transfer to inactive status order, the formerly admitted attorney shall file with the Board a verified statement showing: (1) that the provisions of the order and these rules have been fully complied with; and (2) all other state, federal and administrative jurisdictions to which such person is admitted to practice. Such statement shall also set forth the residence or other address of the formerly admitted attorney where communications to such person may thereafter be directed;

d. Pa.R.D.E. 217(j)(1), which states that all law-related activities of the formerly admitted attorney shall be conducted under the supervision of a member in good standing of the Bar of this Commonwealth who shall be responsible for ensuring that the formerly admitted attorney complies with the requirements of this subdivision (j); and

e. Pa.R.D.E. 217(j) (4) (ii), (iii), (iv), (v), (vi), and (vii) which states that without limiting the other

restrictions in this subdivision (j), a formerly admitted attorney is specifically prohibited from engaging in any of the following activities: (ii) performing any law-related services from an office that is not staffed by a supervising attorney on a full time basis; (iii) performing any law-related services for any client who in the past was represented by the formerly admitted attorney; (iv) representing himself or herself as a lawyer or person of similar status; (v) having any contact with clients either in person, by telephone, or in writing, except as provided in paragraph (3); (vi) rendering legal consultation or advice to a client; and (vii) appearing on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, hearing officer or any other adjudicative person or body.

## SPECIFIC RECOMMENDATION FOR DISCIPLINE

1. Petitioner and respondent jointly recommend that the appropriate discipline for respondent's admitted misconduct is a suspension from the practice of law for one year and one day.

2. Respondent hereby consents to the discipline being imposed upon him by the Supreme Court of Pennsylvania. Attached to this petition is respondent's executed affidavit required by Rule 215(d), Pa.R.D.E., stating that he consents to the recommended discipline and including the mandatory acknowledgements contained in Rule 215(d) (1) through (4), Pa.R.D.E.

3. In support of petitioner and respondent's joint

recommendation, it is respectfully submitted that:

(a) There are several mitigating circumstances:

(i) respondent has admitted engaging in misconduct and violating the charged Rules of Professional Conduct and Rules of Disciplinary Enforcement;

(ii) respondent has cooperated with Petitioner, as is evidenced by respondent's admissions herein, and his consent to receiving a suspension of one year and one day; and

(iii) respondent has no prior record of discipline.

4. Although there are no per se rules of discipline, numerous cases over recent years indicate that a suspension for a year and a day is the most frequently imposed sanction for practicing law while on inactive status. A sampling of cases with similar fact patterns supports the recommendation in this case for a suspension of a year and one day. See, *Office of Disciplinary Counsel v. Harry Curtis Forrest, Jr.*, No. 134 DB 2003, D.Bd. Rpt. 12/30/2004 (S.Ct. order 3/24/2005) (year and a day suspension imposed on respondent who continued to practice law on behalf of two clients and wrote to a district justice on legal letterhead after being placed on inactive status); *Office of Disciplinary Counsel v. Delancey W. Davis*, No. 17 DB 2004, D.Bd. Rpt. 4/28/2005 (S.Ct. order 7/22/2005) (respondent who was on inactive status and who represented a client in three different suits by actions

522

including identifying himself as the attorney for the client, appearing at arbitrations and in court, filing documents and engaging in settlement discussions, received a year and a day suspension); *Office of Disciplinary Counsel v. Chauncey Harris*, No. 150 DB 2002, D.Bd. Rpt. 4/16/2004 (S.Ct. order 6/15/04) (respondent who engaged in unauthorized practice limited to one client matter and had a history of discipline of two informal admonitions received a year and a day suspension); and *Office of Disciplinary Counsel v. Thomas Quirk Harrigan*, No. 123 DB 2000, D.Bd. Rpt. 9/16/2002 (S.Ct. order 11/25/2002) (one year and a day suspension imposed on respondent with a history of discipline, who failed to withdraw his appearance in one matter and continued to represent the client, settling the case after he had been transferred to inactive status for failure to meet his C.L.E. requirements).

Wherefore, joint petitioners respectfully pray that Your Honorable Board approve this petition; and enter an appropriate order imposing a one year and one day suspension. Costs shall be paid by the respondent.

## ORDER

And now, March 2, 2011, upon consideration of the recommendation of the three-member panel of the disciplinary board dated January 3, 2011, the joint petition in support of discipline on consent is hereby granted pursuant to Rule 215(g), Pa.R.D.E., and it is

Ordered that Gary Alan Frank is suspended on consent from the Bar of this Commonwealth for a period of one year and one day and he shall comply with all the

provisions of Rule 217, Pa.R.D.E.

Exhibit A

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF MONTGOMERY

GARY ALAN FRANK, being duly sworn according to law, deposes and hereby submits this affidavit consenting to the recommendation of a suspension of one year and one day in conformity with Pa.R.D.E. 215(d) and further states as follows:

1. He is an attorney admitted in the Commonwealth of Pennsylvania, having been admitted to the bar on November 28, 1995.

2. He desires to submit a joint petition in Support of Discipline on Consent pursuant to Pa.R.D.E. 215(d).

3. His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress, and he is fully aware of the implications of submitting this affidavit.

4. He is aware that there are allegations that he has been guilty of misconduct as set forth in the joint petition in support of discipline on consent of which this affidavit is attached hereto.

5. He acknowledges that the material facts set forth in the joint petition are true.

6. He submits the within affidavit because he knows that if charges predicated upon the matter under investigation were filed, he could not successfully defend against them.

7.   He acknowledges that he is fully aware of his right to consult and employ counsel to represent him in the instant proceeding. He has retained, consulted and acted upon the advice of counsel, James C. Schwartzman, Esquire, in connection with his decision to execute the within joint petition.

It is understood that the statements made herein are subject to the penalties of 18 Pa.C.S.A. §4904 (relating to unsworn falsification to authorities).

Signed this 4th day of November, 2010

Sworn to and subscribed before me this 4th day of November, 2010